UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS RICARDO EDWARDS,

          Petitioner,

v.                                 CASE NO. 05-CV-71114-DT
                                 HONORABLE BERNARD A. FRIEDMAN

LINDA METRISH,

          Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner Marcus Ricardo Edwards has filed a *pro se* application for the writ of habeas

corpus under 28 U.S.C. § 2254. The habeas petition challenges the jury instructions given at

Petitioner's state trial where he was convicted of armed robbery. The Court has concluded for

reasons provided below that Petitioner's ground for relief is procedurally defaulted and without

merit. The habeas petition, therefore, must be denied.

### I. Background

Petitioner was charged in Wayne County, Michigan with one count of armed robbery,

MICH. COMP. LAWS § 750.529. The charge arose from allegations that Petitioner and two other

men robbed a beer delivery man at gunpoint. The prosecutor's theory was that Petitioner aided

and abetted the other two other men by driving the getaway car. Petitioner's defense was that

he was not guilty because he committed the crime under duress. The jury was unpersuaded by

Petitioner's defense and convicted him, as charged, of armed robbery. On June 11, 2002, the

trial court sentenced Petitioner as a habitual offender to imprisonment for seven to fifteen years.

Petitioner raised his habeas corpus claim in an appeal of right. The Michigan Court of

Appeals affirmed Petitioner's conviction in an unpublished memorandum, *see People v. Edward*

(sic), No. 243842 (Mich. Ct. App. Feb. 17, 2004), and on July 29, 2004, the Michigan Supreme

Court denied leave to appeal, *see People v. Edward* (sic), 471 Mich. 866; 683 N.W.2d 673

(2004) (table).  Petitioner signed his habeas corpus petition on March 17, 2005.

## II.  Discussion

Petitioner's only claim is that the trial court failed to instruct the jury on the prior

inconsistent statements of two prosecution witnesses, Sahir Kas-Marogi and James McPherson.

Although the trial court did instruct the jurors on the complainant's prior inconsistent testimony,

the court said nothing about the allegedly inconsistent testimony of Sahir Kas-Marogi and James

McPherson.[1]

---

[1]  The complainant in the case was Leonard Victor, whose beer was taken from him when he made a delivery to Sahir Kas-Marogi's party store in Detroit on November 7, 2001.  The trial court's instruction on the complainant's prior inconsistent statement reads:

> Now, there's been some evidence that Mr. Victor, Leonard Victor, made an earlier statement that did not agree with his testimony during this trial. Specifically, I believe there was a question at the preliminary exam asked of him about the number of feet, whether it was feet or yards or something of that sort.

> . . . .

> You must be very careful about how you consider this evidence.  This statement was not made during this trial, so you must not consider it when you decide whether the elements of the crime have been proven.  On the other hand, you may use it to help you decide whether you think that Mr. Victor is a truthful witness.  Consider the statement carefully.  Ask yourself if Mr. Victor made the statement and whether it differs from his testimony here in court.  Then remember you may only use it to help you decide whether you believe Mr. Victor's testimony here in court.  However, because the earlier statement in this case was made at a preliminary examination, which was given under oath, subject to the penalty of perjury at that hearing, it may be considered as proof of the facts in the statement.

**A.  Procedural Default**

Respondent argues that Petitioner's claim is barred by the doctrine of procedural default.

A procedural default is "a critical failure to comply with state procedural law. . . ."  *Trest v.*

*Cain*, 522 U.S. 87, 89 (1997).  The doctrine of procedural default provides that,

> [w]hen a habeas petitioner fails to obtain consideration of a claim by a
> state court . . . due to a state procedural rule that prevents the state courts from
> reaching the merits of the petitioner's claim, that claim is procedurally defaulted
> and may not be considered by the federal court on habeas review.

*Seymour v. Walker,* 224 F.3d 542, 549-50 (6th Cir. 2000).  Federal courts may consider a

procedurally defaulted claim only if "the prisoner can demonstrate cause for the default and

actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*,

501 U.S. 722, 750 (1991).  When determining whether a prisoner's constitutional claim is

procedurally defaulted and barred from habeas review, courts must ascertain whether:  (1) there

is an applicable state procedural rule and whether the petitioner failed to comply with that rule;

(2) the state courts actually enforced the state procedural sanction; (3) the procedural rule is an

adequate and independent state ground on which the state can rely to foreclose federal review of

a federal constitutional claim; and (4) the petitioner has shown cause for not complying with the

procedural rule and actual prejudice from the alleged constitutional error.  *Maupin v. Smith*, 785

F.2d 135, 138 (6th Cir. 1986).

**1.  The State Procedural Rule**

---

(Tr. May 23, 2002, at 164-65.)

Michigan's contemporaneous-objection rule requires defendants in criminal cases to make an objection in the trial court if they wish to preserve an issue for appellate review. *People v. Carines*, 460 Mich. 750, 761-65; 597 N.W.2d 130, 137-39 (1999). "As a general rule, issues that are not properly raised before a trial court cannot be raised on appeal absent compelling or extraordinary circumstances." *People v. Grant*, 445 Mich. 535, 546; 520 N.W.2d 123, 128 (1994).

Petitioner violated this rule by not requesting a jury instruction on any prior inconsistent statements given by Sahir Kas-Marogi or James McPherson. (Tr. May 23, 2002, at 129-30.) He also failed to object to the jury instructions as given. (*Id*. at 164-65 and 180.)

The Michigan Court of Appeals relied on Petitioner's omissions by stating:

> Not only did defendant fail to preserve this issue by requesting the omitted instruction or objecting to the instructions given, *People v. Gonzalez*, 468 Mich. 636, 642-643; 664 N.W.2d 159 (2003), he waived any error when his attorney expressed satisfaction with the instructions given by the court. *People v. Ortiz*, 249 Mich. App. 297, 311; 642 N.W.2d 417 (2002); *People v. Tate*, 244 Mich. App. 553, 559; 624 N.W.2d 524 (2001).

*Edward*, Mich. Ct. App. No. 243842.

The State's contemporaneous-objection rule was an adequate and independent basis for the state appellate court's decision because the rule was in effect before Petitioner's trial and the court of appeals actually relied on it. Although the court of appeals also rejected Petitioner's claim on the merits, this Court is not precluded from finding that Petitioner procedurally defaulted his claim. As explained in *Harris v. Reed*, 489 U.S. 255 (1989),

> a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this

doctrine to habeas cases, [*Wainwright v.*] *Sykes* [433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar as a separate basis for decision.  In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Id*. at 264 n.10 (emphasis in original).  Therefore, in order for this Court to consider the substantive merits of Petitioner's claim, he must show "cause and prejudice" or a miscarriage of justice.  *Coleman*, 501 U.S. at 750.

### 2.  Cause and Prejudice; Miscarriage of Justice

Petitioner has not alleged "cause" for his procedural default or resulting prejudice.  Consequently, the Court deems the "cause and prejudice" argument abandoned.  *Roberts v. Carter*, 337 F.3d 609, 613 (6th Cir. 2003), *cert. denied*, 540 U.S. 1151 (2004).

Petitioner may overcome his procedural default, even in the absence of "cause and prejudice," by demonstrating that the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense.  *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner has not submitted any new evidence from which a reasonable juror could conclude that he was not guilty of the armed robbery.  Therefore, a miscarriage of justice will not occur as a result of this Court's failure to adjudicate his procedurally defaulted claim.

**B. The Merits of Petitioner's Claim**

Petitioner's claim has no merit even if it were not procedurally defaulted.  Petitioner

alleges that Sahir Kas-Marogi admitted to making a prior inconsistent statement at the

preliminary examination and that James McPherson claimed to have lied in a statement to the

police.  Petitioner argues that it was reversible error for the trial court not to instruct the jury on

the proper use of these witnesses' prior inconsistencies.  The Michigan Court of Appeals rejected

this argument on the grounds that a jury instruction on prior inconsistent statements was

inapplicable as to James McPherson and the jury likely would not have accepted Petitioner's

defense even if the instruction had been given in connection with Sahir Kas-Marogi's testimony.

**1.  Standard of Review**

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's

adjudication of his claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court

arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

the state court decides a case differently than [the Supreme] Court has on a set of materially

indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court's

decision is an "unreasonable application of" clearly established federal law "if the state court

identifies the correct governing legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  "Avoiding

these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even

require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of

the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*

opinion) (emphasis in original).

The question on habeas review of jury instructions is whether the ailing instruction "so

infected the entire trial that the resulting conviction violates due process."  *Cupp v. Naughten*,

414 U.S. 141, 147 (1973).  "An omission, or an incomplete instruction, is less likely to be

prejudicial than a misstatement of the law," *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977), and

the fact that jury instructions may have been incorrect under state law is not a basis for habeas

relief, *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991).  Moreover, the Supreme Court has defined

the category of infractions that violate fundamental fairness very narrowly.  *Byrd v. Collins*, 209

F.3d 486, 527 (6th Cir. 2000) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

### 2.  Sahir Kas-Marogi

Sahir Kas-Marogi testified on direct examination at trial that he saw Petitioner standing

outside his car on the morning of the robbery.  (Tr. May 22, 2002, at 193-94.)   Defense counsel

pointed out on cross-examination of Kas-Marogi that, during the preliminary examination, he

testified that Petitioner remained in his car.  Kas-Marogi responded to defense counsel's

questioning by stating that he was not sure.  (*Id*. at 204-07.)  It is unclear from the record

whether Kas-Marogi was unsure about his earlier testimony or unsure about where Petitioner had

been positioned before the robbery.  In any event, whether Kas-Marogi saw Petitioner inside or

outside his car on the day of the robbery was unimportant.  Kas-Marogi knew Petitioner as a

customer, and he testified that Petitioner drove away from the party store after he (Kas-Marogi)

confronted two men who were putting beer in Petitioner's car.  (*Id*. at 190-92, 199-200.)

Furthermore, the trial court thoroughly instructed the jurors on weighing the credibility of

witnesses (Tr.  May 23, 2002, at 162-64), and the court was not required to provide *sua sponte* a

limiting jury instruction on prior inconsistent statements.  *People v. Grace*, 50 Mich. App. 604,

608; 213 N.W.2d 853, 855 (1973).  The Court therefore concludes that the trial court's failure to

instruct the jury on Kas-Marogi's prior inconsistent statement did not infect the entire trial with

fundamental unfairness.  Even if the trial court's omission somehow amounted to constitutional

error, the error could not have had a "substantial and injurious effect or influence in determining

the jury's verdict" and was harmless.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting

*Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

### 3.  James McPherson

Prosecution witness James McPherson did not testify at the preliminary examination, but

he admitted at trial that he never informed the police how to contact a witness to the armed

robbery even though he knew where the witness lived.  (Tr. May 23, 2002, at 17-20.)  This

testimony was an admission that McPherson had lied or withheld information from the police.

However, because McPherson had never contradicted this testimony, his testimony was not

inconsistent with a prior statement.  A jury instruction on prior inconsistent statements would

have been inappropriate as applied to McPherson.

### III.  Conclusion

8

The lack of a jury instruction on prior inconsistent statements in connection with Sahir

Kas-Marogi and James McPherson was not fundamentally unfair and did not violate due process.

Therefore, the state court's adjudication of Petitioner's claim on the merits did not result in a

decision that was contrary to, or an unreasonable application of, Supreme Court precedent.

Petitioner's claim also is procedurally defaulted.  Accordingly, the habeas petition [Doc. #1,

Mar. 22, 2005] is denied.


_____s/Bernard   A.   Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE


Dated: __January 10, 2006_____


I hereby certify that a copy of the foregoing document was served upon counsel of record on
January 10, 2006, by electronic and/or ordinary mail.

s/Carol Mullins_____
Case Manager