UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS RICARDO EDWARDS,

Petitioner,

v.

CASE NO. 05-CV-71114-DT
HONORABLE BERNARD A. FRIEDMAN

LINDA METRISH,

Respondent.
_________________________________/

**ORDER DENYING A CERTIFICATE OF APPEALABILITY BUT GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Marcus Ricardo Edwards has appealed the Court's opinion and judgment denying his habeas corpus petition. Currently pending the Court are Petitioner's notice of appeal and his application to proceed without prepayment of the fees and costs for the appeal. The Court must treat Petitioner's notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P.

22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. at 484.

The habeas petition alleges that the trial court failed to give a jury instruction on the prior inconsistent statements of two prosecution witnesses. The Court determined that this claim was procedurally defaulted, because Petitioner failed to request a jury instruction on prior inconsistent statements and he failed to object to the jury instructions as given. Furthermore, the state court relied on Petitioner's failure to object, and Petitioner has not alleged "cause" for his procedural default and resulting prejudice or a miscarriage of justice.

The Court also found no substantive merit in Petitioner's claim. One of the witnesses in question did not make a prior inconsistent statement, and the lack of a jury instruction in connection with the other witness did not infect the trial with fundamental unfairness. *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claim debatable or wrong. Nor would reasonable jurists debate whether the Court's procedural ruling was correct or whether the petition states a valid claim of the denial of a constitutional right. Accordingly, the Court DECLINES to issue a certificate of appealability.

The standard for issuing a certificate of appealability "has a higher threshold than the [*in*

*forma pauperis*] standard, that the appeal is not frivolous." *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). The issue in this case may not warrant granting the writ of habeas corpus, but it is not frivolous. Therefore, Petitioner may proceed *in forma pauperis* on appeal.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: March 6, 2006